UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PAYNE,<br><br>              Plaintiff,<br><br>       v.<br><br>DIANA MARSTEINER, ET AL.,<br><br>              Defendant(s). | Case No. CV 20-10066-JWH (KK)<br><br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Ronald Payne ("Payne"), proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his Fourteenth Amendment due process and equal protection rights.  ECF Docket No. ("Dkt.") 1. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **BACKGROUND**

On October 30, 2020, Payne filed a Complaint against California Superior Court Judge Diana Marsteiner; State Fund claims adjusters Jennifer Smith and Julie McCoy State Fund attorneys John Dunk, Shirley Huang, and David J. Arnold; and

State Fund's Qualified Medical Examiner Mitchell Geiger (collectively, "Defendants") in their individual and official capacities. Dkt. 1. Payne alleges he "is litigating an injury in court with State Fund, the Judge and attorneys being sued are working in a California courtroom under the color of law, [t]he California Code of Regulations regulate this area, [and] the Claims Adjusters and doctor being sued were working in collusion with the other named individuals for the purpose of denying [Payne] what he was legally entitled to." Id. at 5.

According to the allegations in the Complaint, on October 26, 2016, defendant Smith informed Payne that State Fund would not pay his workers' compensation claim because it was disputing the report of Payne's primary treating physician. Id. at 6. Payne later learned State Fund had not disputed the physician's report. Id. On December 5, 2017, defendant Dunk stated that defendant Smith was not available to testify at trial because she no longer worked at State Fund and negotiated a settlement with Payne, through Payne's counsel. Id. Payne later learned defendant Smith was in fact still employed by State Fund. Id.

In August 2018, Payne submitted a request for surgery from his primary treating physician to defendant McCoy. Id. Defendant McCoy, however, required Payne to first be evaluated by defendant Geiger, who Payne alleges had previously "falsified" three reports in favor of State Fund. Id. at 7. When Payne refused to appear for an evaluation by defendant Geiger, Payne alleges defendant Huang filed a "falsified" Petition to Compel in state court. Id.

While not entirely clear, it appears that at the hearing on the Petition to Compel, Payne alleges Judge Marsteiner "was engaging in some sort of surprise attack on [Payne] trying to catch [Payne] misstating the facts in any kind of way." Id. Payne alleges "he has been stuck in a legal quagmire for the last two years and denied Equal Protection and Due Process by State Fund attorney David J. Arnold and Judge Marsteiner by not responding to [Payne's] Petitions alleging specific fraud, and by both of them not responding in writing to [Payne's] Petitions then the legal process

2

cannot play out, and as a result [Payne] remains in a legal quagmire and unable to resolve this issue, and [Payne] is being denied Equal Protection and Due Process." Id.

Payne seeks compensatory and punitive damages against Defendants as well as "injunctive relief from Judge Marsteiner in denying [Payne] Equal Protection and Due Process of the law." Id. at 9.

## III.

## STANDARD OF REVIEW

A court has authority to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742–43 (9th Cir. 2008) (noting the court's authority includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (internal quotation marks and citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892–93 (9th Cir. 2011). The court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted). Although a complaint

need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008) (citation omitted). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107–11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

///

///

4

## IV.

## DISCUSSION

## A.  JUDGE MARSTEINER IS IMMUNE FROM SUIT

### 1.  Applicable Law

Judges have absolute immunity to suits for monetary damages for their judicial acts.  This immunity applies to state court judges in their individual capacity, under judicial immunity, and official capacity, under Eleventh Amendment immunity.  See Antoine v. Beyers & Anderson, Inc., 508 U.S. 429, 435 n.10 (1993) (holding that judges are immune in their individual capacity); Stump v. Sparkman, 435 U.S. 349, 364 (1978) (holding that judges are immune in their official capacity).  Moreover, "immunity applies even when the judge is accused of acting maliciously and corruptly[.]"  Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[A judge] should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.").  Absolute judicial immunity exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff."  Bradley v. Fisher, 80 U.S. 335, 347 (1871); see also Mireles v. Waco, 502 U.S. 9, 13 (1991) (upholding absolute immunity for a judge that allegedly ordered excessive force be used in arresting a suspect).

### 2.  Analysis

Here, Payne appears to sue Judge Marsteiner for judicial acts during a civil lawsuit.  The Complaint fails to allege facts showing Judge Marsteiner took nonjudicial actions against Payne or that Judge Marsteiner's judicial actions were taken in complete absence of all jurisdiction.  See Meek v. Cnty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) ("As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies.").  Hence, the claims against Judge Marsteiner are barred by judicial immunity

and the Eleventh Amendment. See Antoine, 508 U.S. at 435 n.10; Stump, 435 U.S. at 364.

Accordingly, Payne's claims against Judge Marsteiner are subject to dismissal.

**B.  THE ELEVENTH AMENDMENT BARS PAYNE'S CLAIMS FOR MONETARY DAMAGES AGAINST DEFENDANT EMPLOYEES OF STATE FUND IN THEIR OFFICIAL CAPACITY**

### 1.  Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169–70 (1985); Edelman v. Jordan, 415 U.S. 651 (1974); Ex Parte Young, 209 U.S. 123 (1908).

### 2.  Analysis

Here, "State Fund" is a "'public fund enterprise' within the California Department of Industrial Relations, created for the purpose of ensuring that all California businesses may obtain mandatory workers' compensation insurance coverage." Randell v. Cal. State Comp. Ins. Fund, No. CIVS 07-2760-JAM-GGH (PS), 2008 WL 2946557, at *1 (E.D. Cal. July 29, 2008), report and recommendation adopted, 2008 WL 4906332 (E.D. Cal. Nov. 13, 2008) (citing Cal. Const. Art. XIV, § 4 (authorizing California Legislature "to create, and enforce a complete system of workers' compensation")); see also Cal. Labor Code § 56 (stating the State Fund is a division of the Department of Industrial Relations); Cal. Ins. Code § 11773 ("[t]he fund shall be organized as a public enterprise fund")). The Eleventh Amendment, therefore, bars Payne from pursuing claims that seek monetary relief against

defendants Smith and McCoy[1], who are state employees, in their official capacity. See Graham, 473 U.S. at 169–70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity").

Accordingly, Payne's claims for monetary damages against defendants Smith and McCoy in their official capacity are subject to dismissal.

## C. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST PRIVATE PARTIES NOT ACTING UNDER COLOR OF STATE LAW

### 1. Applicable Law

In order to state a claim for a civil rights violation under Section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). Courts "start with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. State of Haw., 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law[.]"). Thus, private parties cannot generally be held liable under Section 1983. See Monroe v. Pape, 365 U.S. 167, 172 (1961), overruled in part by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). A private party must be a willful participant in joint action with the State or its agents in order to be sued under Section 1983. See Dennis v. Sparks, 449 U.S. 24, 27–28 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970); United States v. Price, 383 U.S. 787, 794 (1966)).

---

[1] The claims for monetary damages against defendants Dunk, Huang, Arnold, and Geiger in their official capacity are similarly barred to the extent they are also employees of State Fund.

7

In addition, the Ninth Circuit has "repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act." Briley v. State of Cal., 564 F.2d 849, 855 (9th Cir. 1977).

### 2. Analysis

Here, the Complaint fails to state a Section 1983 claim against defendants Dunk, Huang, Arnold, and Geiger. To the extent defendants Dunk, Huang, and Arnold are privately-retained attorneys[2], they are not acting under color of state law. Briley, 564 F.2d at 855. Payne's allegation that the attorneys are "working in a California courtroom," dkt. 1 at 5, does not show they are acting under color of state law. Defendant Geiger appears to be a private physician and, therefore, not acting under color of state law. Payne's conclusory allegation that defendant Geiger is acting in "collusion" with the other defendants does not establish she is acting under color of state law. See Iqbal, 556 U.S. at 681.

Accordingly, Payne's claims against defendants Dunk, Huang, Arnold, and Geiger are subject to dismissal.

## D. THE COMPLAINT FAILS TO STATE A FOURTEENTH AMENDMENT CLAIM

### 1. Applicable Law

The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." U.S. Const. amend. XIV, § 1. "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). Due process analysis "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask

---

[2] To the extent defendants Dunk, Huang, and Arnold are employees of State Fund, the claims for monetary damages against them in their official capacity are barred by the Eleventh Amendment.

whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219 (2011).

"'A property interest in a benefit protected by the due process clause results from a 'legitimate claim of entitlement' created and defined by an independent source, such as a state or federal law.'" Bateson v. Geisse, 857 F.2d 1300, 1305 (9th Cir. 1988) (quoting Parks v. Watson, 716 F.2d 646, 656 (9th Cir. 1983)). "Although the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." Memphis Light, Gas and Water Division v. Craft, 436 U.S. 1, 2 (1978) (citations omitted). "'[T]he root requirement' of the Due Process Clause [is] 'that an individual be given an opportunity for a hearing before he is deprived of any significant protected interest." Randell, 2008 WL 2946557, at *8 (quoting Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985)).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). In order to state a Section 1983 equal protection claim, a plaintiff must allege he was treated differently from others who were similarly situated without a rational basis or discriminated against based on his membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (stating the requirements for Section 1983 equal protection claim based on membership in protected class); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (setting forth the standard for a "class of one" equal protection claim).

///

///

9

### 2. Analysis

As an initial matter, it is unclear from the Complaint on what basis Payne alleges Defendants violated his Fourteenth Amendment rights. Payne conclusorily alleges "Judge Marsteiner continually discriminates against [him] and den[ies Payne] his Constitutional right to Equal Protection and Due Process." Dkt. 1 at 8. Payne "contends that he has been stuck in a legal quagmire for the last two years and denied Equal Protection and Due Process by State Fund attorney David J. Arnold and Judge Marsteiner by not responding to [Payne's] Petitions alleging specific fraud, and by both of them not responding in writing to [Payne's] Petitions then the legal process cannot play out, and as a result [Payne] remains in a legal quagmire and unable to resolve this issue, and [Payne] is being denied Equal Protection and Due Process." Id. As to the remaining defendants, Payne merely alleges they "were working in collusion with the other named individuals for the purpose of denying [Payne] what he was legally entitled to." Id. at 5. However, despite the specific "timeline" of events set forth in the Complaint, Payne fails to describe any "Petition" he has filed with Judge Marsteiner or served on defendant Arnold that has not been responded to. See id. at 6–8. Moreover, Payne's conclusory allegations of discrimination and collusion are not entitled to a presumption of truth. See Iqbal, 556 U.S. at 681. The Court, therefore, cannot discern the nature of Payne's claims or the facts alleged to support them. See FED. R. CIV. P. 8(a), (d) (a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct"); Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) ("[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

To the extent Payne's due process claim arises out of the ongoing litigation of his workers' compensation claim, he has failed to allege he has been denied a hearing on his right to payment. The only hearing Payne references is a hearing on his potential fraud claims against Judge Marsteiner and defendant Arnold. Hence, Payne

has failed to allege he was denied a hearing before being deprived of "a significant protected interest", i.e. his right to workers' compensation payment. <u>Randell</u>, 2008 WL 2946557, at *8.

In addition, Payne's conclusory reference to the Equal Protection Clause of the Fourteenth Amendment fails to state a claim. Payne fails to allege facts showing Defendants treated him differently from others similarly situated without a rational basis or discriminated against him based on his membership in a protected class. In fact, Payne has not even identified any similarly situated individuals who were treated differently from him.

Accordingly, Payne's Fourteenth Amendment claims against all Defendants are subject to dismissal.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.    Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id</u>.  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.**  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint."  <u>Ismail v. Cnty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (internal quotation marks and citation omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2.     Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the action be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3.     Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:   December 14, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge